UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES H. WEBB,

    Plaintiff,

v.                           CIVIL NO. 3:02CV1716 (JBA)

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY,

    Defendant.

FILED
Oct 30  4 11 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

The Court has the power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party in order to "achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-632 (1962). A "failure to prosecute" can evidence itself in a pattern of dilatory conduct, or simply in "an action lying dormant with no significant activity to move it." Barahman v. Sullivan, 1992 WL 226293 (E.D.N.Y., 1992) quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

Defendant generally files such a motion only after an excessive period of time has passed without the plaintiff taking any action to prosecute his or her claim. Usually, such a motion will prod plaintiff to take action to prosecute the case by filing a motion for remand. In the rare cases in which plaintiff takes no action even after being notified that a Motion to Dismiss has been filed, the Court is empowered to dismiss the case. Link v. Wabash Railroad Co., 370 U.S. 626, 630-632 (1962).

Should plaintiff file a responsive motion and brief based upon this Motion to Dismiss, defendant would then withdraw her Motion to Dismiss and file a Motion to Affirm the Commissioner's Decision. The case could then be decided on its merits.

Defendant submits, however, that judicial economy supports the dismissal of this case if plaintiff is not prepared to further pursue this action. While dismissal is "a harsh remedy to be utilized only in extreme situations," Theilmann v. Rutland Hospital Inc., 455 F.2d 853, 855 (2d Cir. 1972), the authority to appropriately invoke this remedy under Rule 41(b) is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre, 682 F.2d at 42.

                          Respectfully submitted,

                          KEVIN J. O'CONNOR
                          UNITED STATES ATTORNEY

                          ANN M. NEVINS
                          ASSISTANT UNITED STATES ATTORNEY
                          915 LAFAYETTE BLVD., ROOM 309
                          BRIDGEPORT, CT 06604
                          Phone: (203) 696-3000
                          Fax: (203) 579-5575
                          E-mail: Ann.Nevins@usdoj.gov
                          FEDERAL BAR NO. CT06484

## CERTIFICATE OF SERVICE

I hereby certify that the within and foregoing Memorandum in Support of Defendant's Motion to Dismiss for Failure to Prosecute has been mailed, postage prepaid, this 29th day of October, 2003 to:

James H. Webb, *Pro se plaintiff*
40 Crest Street, #16
West Haven, CT 06516

ANN M. NEVINS
ASSISTANT UNITED STATES ATTORNEY